IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **BRETT L. SHARP,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| vs. | )   Case No. 21-cv-787-NJR |
| | ) |
| | ) |
| **ROB JEFFREYS, ANTHONY WILLS,** | ) |
| **and WARDENS of all Illinois** | ) |
| **Department of Corrections,** | ) |
| | ) |
|     **Defendants.** | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Brett L. Sharp, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In his Complaint (Doc. 1), Sharp alleges an unconstitutional policy denies him access to all publications that either exceed five pounds in weight or contain "sexually offensive" materials. He asserts claims against the defendants under the First and Fourteenth Amendments. Sharp seeks declaratory judgment, monetary damages, and injunctive relief.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which

relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

Sharp makes the following allegations in the Complaint (Doc. 1): Sharp takes issue with an IDOC policy that he believes is governed by the mailroom staff and correctional officers to deny inmates publications that pertain to a sexual nature or are deemed "sexually offensive" by staff (*Id*. at p. 6). He also alleges that all books, including legal and education books and bibles, that exceed five pounds are denied. He also takes issue with the mail return/refusal slip, stating that it is too "meticulous and excessive" and that staff can return all incoming mail for any reason (*Id*.). Sharp does not indicate in his statement of the claim when or if he had any publications returned. He attaches two mail return slips. A July 18, 2019 return slip states that a picture (the slip does not indicate whether it was a part of a publication or a single picture) was an "inappropriate, sheer, or nude picture" and that the mailroom could not verify the age of the model (*Id*. at p. 13). Another return slip, dated August 13, 2020, indicates that a marker was returned to the sender (*Id*.). There is no indication that Sharp had any mail or publications that was returned due to its weight as alleged in the statement of claim.

## Discussion

There are a number of issues with Sharp's Complaint. Although he identifies Jeffreys and Wills in the caption of his Complaint, he does not include them in the statement of claim. He refers to "unconstitutional policies" in IDOC—and by the mailroom staff—but he does not allege that any of the defendants created or implemented

these policies. Thus, there are no allegations indicating individual liability. *See Doyle v. Camelot Care Centers, Inc.*, 305 F.3d 603, 615 (7th Cir. 2002) (allegations that an agency's senior officials were personally responsible for creating the policies, practices and customs that caused the constitutional deprivation suffice to demonstrate personal responsibility).

Although Sharp may state a claim regarding an unconstitutional policy related to publications, he fails to provide enough information to determine whether he states such a claim. Officials have "great latitude" in limiting a prisoner's reading materials. *Payton v. Cannon*, 806 F.3d 1109, 1110 (7th Cir. 2015) (quoting *Mays v. Springborn*, 575 F.3d 643, 649 (7th Cir. 2009)). Even so, they do not have unfettered discretion. *Payton*, 806 F.3d at 1110. When "a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 89 (1987). However, "the arbitrary denial of access to published materials violates an inmate's first amendment rights." *Antonelli v. Sheahan*, 81 F.3d 1422, 1433 (7th Cir. 1996) (quoting *Martin v. Tyson*, 845 F.2d 1451, 1454 (7th Cir. 1988) (per curiam), *cert. denied*, 488 U.S. 863 (1988)).

Here, Sharp alleges that publications of a sexual nature and books over five pounds are being rejected, but he offers no factual allegations other than conclusory statements that such a policy exits. He does not indicate if he has had any of these items rejected by the prison. His attached mail return slips indicate that, on July 18, 2019, he had a nude picture returned because the mailroom was unable to verify the age of the model, but he fails to allege that a policy rejecting pictures of underage models is arbitrary

3

(*Id*. at p. 13). Nor does he allege that banning pictures of models of unverified age fails to serve a penological interest. He offers no allegations suggesting a weight limit policy on publications other than his conclusory statement.

Further, Sharp fails to state a claim for First Amendment interference with his mail.[1] Sharp alleges that the mail return slip is designed in such a way that staff could choose to deny an inmate all incoming mail. But Sharp does not indicate that he has been denied all mail. The First Amendment "applies to communications between an inmate and an outsider." *Zimmerman v. Tribble*, 226 F.3d 568, 572 (7th Cir. 2000). A valid mail interference claim requires an allegation that there has been "a continuing pattern or repeated occurrences" of denial or delay of mail delivery. *Id.* The occasional disruption or short-term delays in mail service will not violate the Constitution. *Rowe v. Shake*, 196 F.3d 778, 782 (7th Cir. 1999). Although Sharp alleges the policies could allow mail staff to deny an inmate all of his mail, Sharp only points to one picture that was rejected by the mailroom for nudity (Doc. 1, p. 13). And, as previously stated, he fails to point to any items that he was denied access to due to weight. The rejection of one piece of mail does not amount to a constitutional violation or unconstitutional policy.

Accordingly, Sharp's Complaint is **DISMISSED without prejudice**. The Court **GRANTS** Sharp leave to file an Amended Complaint to provide further information that might state a constitutional violation.

---

[1] Although Sharp also purports to bring a Fourteenth Amendment claim, he fails to indicate how his rights under the Fourteenth Amendment were violated.

## Disposition

For the reasons stated above, Sharp's Complaint is **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted.

Sharp is **GRANTED** leave to file a "First Amended Complaint" on or before **March 31, 2022**. Should Sharp fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. Fed. R. App. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. §1915(e)(2). The dismissal shall count as one of Sharp's three allotted "strikes" under 28 U.S.C. § 1915(g).

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Sharp must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Sharp is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether he elects to file a First Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Sharp is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

DATED: March 3, 2022

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**