IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **BRETT L. SHARP,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 21-cv-787-NJR |
| ) | |
| ) | |
| **ILLINOIS CORRECTIONS and** ) | |
| **STATE OF ILLINOIS,** ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Brett L Sharp, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. On July 8, 2021, Sharp filed his Complaint alleging an unconstitutional policy denying him access to publications which either exceeded five pounds in weight or contained "sexually offensive" material. On March 3, 2022, the Court dismissed his claims without prejudice for failure to state a claim (Doc. 9). He was granted leave to amend his Complaint, and on March 30, 2022, filed his Amended Complaint (Doc. 10).

This case is now before the Court for preliminary review of the Amended Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon

which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Amended Complaint

In his Amended Complaint, Sharp again alleges that IDOC has an unconstitutional policy of denying inmates access to publications of a sexual nature to include books, magazines, or published photos (Doc. 10, p. 6). Sharp alleges that the mailroom determines what is considered "sexually offensive" in any way and that various books, including legal books, educational books, and bibles over five pounds, are also refused (*Id.*). He seeks injunctive relief in the form of the Court ordering the meaning of "publications" to be re-evaluated by IDOC and the State of Illinois. In his attached motion to amend, he alleges that the photos which were rejected included women over the age of 18 and come with a confirmation that the photos are compliant with statutes and regulations (*Id.* at p. 22). His attached mail return slips indicate that some photos were returned for showing buttocks while others were returned because the age of the model could not be verified (*Id.* at pp. 54-65). In a document attached to his Amended Complaint, labeled a motion to amend, he alleges that he had a number of publications returned because they were over the weight limit (*Id.* at p. 20).

## Discussion

Once again, Sharp fails to state a claim. In his Amended Complaint he does now allege that he had books rejected due to them being over the weight limit and points to a memo establishing a policy of rejecting such materials over five pounds. He also alleges that he had pictures which were clearly of satisfactory age models which were rejected

as underaged. Although he now alleges "the arbitrary denial of access to published materials" which can "violate[] an inmate's first amendment rights." *Antonelli v. Sheahan*, 81 F.3d 1422, 1433 (7th Cir. 1996) (quoting *Martin v. Tyson*, 845 F.2d 1451, 1454 (7th Cir. 1988) (per curiam), *cert. denied*, 488 U.S. 863 (1988)), he only sues the State of Illinois and IDOC. Neither entity is a proper defendant because "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). *See also Wynn v. Southward,* 251 F.3d 588, 592 (7th Cir.2001) (Eleventh Amendment bars suits against states in federal court for money damages); *Billman v. Ind. Dep't of Corr.*, 56 F.3d 785, 788 (7th Cir.1995) (state Department of Corrections is immune from suit by virtue of Eleventh Amendment).

Although Sharp initially sued Rob Jeffreys and Warden Anthony Wills, who could be proper defendants, he asks in his motion to amend to dismiss them from the action (Doc. 10, p. 22). He fails to include any allegations in his Amended Complaint related to Jeffreys or Wills. He does not allege that they are in charge of the policies or created the policies at issue.

Because Sharp does not raise claims against a proper defendant, his Amended Complaint is also **DISMISSED without prejudice**. If Sharp had sued proper defendants, the Court finds that he could potentially state a claim. Accordingly, the Court will allow Sharp one more chance to submit a viable Amended Complaint. If he chooses to do so, Sharp must comply with the instructions and deadlines set forth below.

### Disposition

For the reasons stated above, Sharp's Amended Complaint is **DISMISSED without prejudice**. He is **GRANTED** leave to file a "Second Amended Complaint" on or before **June 3, 2022**. Should he fail to file his Second Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. Fed. R. App. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall count as one of Sharp's three allotted "strikes" under 28 U.S.C. § 1915(g).

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). Thus, the Second Amended Complaint must stand on its own, without reference to any previous pleading, and Sharp must re-file any exhibits he wishes the Court to consider along with the Second Amended Complaint. The Second Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Sharp is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether he elects to file a Second Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Sharp is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not

later than **seven days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  May 6, 2022**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**